# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH ANN MCBROOM, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-10-330-FHS-SPS |

## REPORT AND RECOMMENDATION

The claimant Ruth Ann McBroom requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As set forth below, the undersigned Magistrate Judge hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on June 2, 1956, and she was fifty-three years old at the time of the administrative hearing. She has a seventh grade education and past relevant work as a nurse aide, housekeeper, welder helper, and tool crib attendant (Tr. 18, 23). The claimant alleges she has been unable to work since June 30, 2002 because of chronic obstructive pulmonary disease (COPD) and depression (Tr. 133, 137).

## Procedural History

On July 30, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434 and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Kim Parrish conducted a hearing and determined that the claimant was not disabled in a decision dated November 3, 2009. The Appeals Council denied review, so the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had severe impairments (COPD, degenerative disc disease, and depressive

disorder) but retained the residual functional capacity ("RFC") to perform work light work as defined in 20 C.F.R. §§ 404.1567(b); 416.967(b). However, the ALJ limited the claimant to only occasionally stooping and bending forward at the waist and added that claimant can only work in jobs which required her to work in relative isolation with limited contact with peers, supervisors, and the general public (Tr. 13). Finally, the ALJ found that claimant would be unable to tolerate exposure to pollutants, dust, or fumes. The ALJ concluded that while the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform in the national economy, *i.e.*, collator operator, housekeeping cleaner, and merchandise marker (Tr. 19).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the treating physician opinion of Dr. Thomas E. Trow, M.D.; (ii) by failing to properly analyze her RFC at step four; and (iii) by failing to properly analyze her credibility. The undersigned Magistrate Judge finds the claimant's first contention persuasive.

The claimant began receiving treatment from Dr. Thomas Trow in September 2004, at which time she was treated for a foot contusion. (Tr. 333). She began seeing Dr. Trow regularly, however, in October 2007, and he began providing treatment for her neck and back pain. (Tr. 330). At that time, Dr. Trow diagnosed claimant with degenerative disk disease in her cervical spine, osteoarthritis (multiple sites), COPD, major depression, and nicotine dependence. (Tr. 330). In March 2008, the claimant complained of increased pain in her back, neck, and legs and Dr. Trow noted her chronic

pain. (Tr. 323). In 2009, the claimant was taking a long list of medications, including zyprexa, lortab, clonazepam, prevacid, symbicort, Spiriva, Cymbalta, meloxicam, and tizanidine. (Tr. 312).

Dr. Trow also completed a Medical Source Statement – Physical on claimant's behalf. (Tr. 298-99). In that document, Dr. Trow opined that claimant could: (i) occasionally lift and/or carry 5 pounds; (ii) stand and/or walk for 2 hours in an 8-hour workday (and one hour continuously); (iii) sit for 2 hours in an 8-hour workday (and one hour continuously); and (iv) push and/or pull on a limited basis (because of claimant's fibromyalgia, cervical osteoarthritis, and carpal tunnel syndrome). Further, Dr. Trow found that claimant should never climb, balance, or crawl and only occasionally stoop, kneel, crouch, reach, handle, finger, and feel. (Tr. 299). Dr. Trow noted that claimant would be required to lie down during a normal workday, would be under some environmental restrictions due to her allergy and COPD problems, that her chronic pain would affect her balance, and that physical activity may exacerbate the pain related to her fibromyalgia. (Tr. 299). Further, Dr. Trow noted that there were radiographs confirming claimant's osteoarthritis and that his opinion took into consideration the claimant's pain, discomfort, and subjective complaints. (Tr. 299).

Medical opinions from the claimant's treating physician are entitled to controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record." *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v.*

*Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 416.927. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in § [416.927].'"), *quoting Watkins*, 350 F.3d at 1300. The pertinent factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01 [quotation marks omitted], *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). Finally, if the ALJ decides to reject a treating physician's opinions entirely, "he must . . . give specific, legitimate reasons for doing so[,]" *id.* at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id.* at 1300 [quotation omitted].

First, it should be noted that the ALJ stated that he was giving Dr. Trow's opinion "some, but, not great weight." (Tr. 17). Yet, the ALJ failed to engage in any discussion

related to the factors set out in 20 C.F.R. §§ 404.1527; 416.927. *Langley,* 373 F.3d at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5.

The ALJ's first reason for rejecting Dr. Trow's opinion was that the ALJ found that Dr. Trow's findings were "inconsistent or not supported by his clinical narrative notes." But the ALJ wholly failed to identify what those inconsistencies actually were and a review of Dr. Trow's treatment notes do not reflect that his findings were inconsistent with his own treatment records. *See Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings."), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). *See also Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) ("The ALJ also concluded that Dr. Houston's opinion was inconsistent with the credible evidence of record, but he fails to explain what those inconsistencies are.") [quotation marks and citations omitted] [unpublished opinion].

The ALJ also improperly rejected Dr. Trow's opinion based on an assumption that "the bulk of the form was completed based upon the claimant's subjective complaints rather than objective medical evidence and diagnostic testing." (Tr. 17). *Langley v.*

*Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) ("The ALJ also improperly rejected Dr. Hjortsvang's opinion based upon his own speculative conclusion that the report was based only on claimant's subjective complaints and was 'an act of courtesy to a patient.' The ALJ had no legal nor evidentiary basis for either of these findings. Nothing in Dr. Hjortsvang's reports indicates he relied only on claimant's subjective complaints or that his report was merely an act of courtesy. 'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion*.'"), *quoting McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) [quotations omitted] [emphasis in original].

Because the ALJ failed to properly analyze the opinion of claimant's physician Dr. Thomas Trow for all of the reasons discussed *supra*, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and

the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 8th day of March, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma